# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FERNANDO R. JIMENEZ,

    Petitioner,

vs.

GLEN WHORTON, *et al.*,

    Respondents.

3:08-cv-00047-LRH-RAM

<u>ORDER</u>

    This habeas matter comes before the Court on the respondents' motion (#17) to dismiss. The motion seeks the dismissal of the petition on a number of grounds, including on the basis that the petition is a mixed petition because Ground 6 is not exhausted. The Court reaches only the exhaustion issue at this juncture, without prejudice to the remaining defenses and issues raised in the motion.

*Background*

    Petitioner Fernando Jimenez does not seek by this petition to set aside his underlying conviction or sentence. Petitioner instead challenges a number of administrative decisions by the Nevada Department of Corrections (NDOC) rejecting his requests for sentencing credits based upon his participation in various programs. In Ground 6, he alleges that he was denied due process when NDOC denied his request for sentence credits based upon his allegedly obtaining an associate of science in business management from Ashworth University on June 28, 2007. Petitioner pursued administrative remedies through to the denial of a second level grievance on March 19, 2008. Petitioner did not pursue state judicial remedies on this claim. He instead proceeded directly to federal court with the claim in

an amended petition mailed to this Court for filing on or about February 10, 2008. Petitioner contends that exhaustion would be futile as to Ground 6 because the state courts have rejected his other sentence-credit claims, including a prior claim for sentencing credit that he asserted based upon alleged "diligence in study" in the program in which he later received the associate's degree.

### *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner either dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

Petitioner's sole argument vis-à-vis exhaustion is that exhaustion of Ground 6 would be futile because the state courts already have rejected his other sentencing-credit claims.

The futility exception upon which petitioner relies, based upon adverse state court decisions in other cases, is essentially dead letter at this point. In *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the United States Supreme Court, sharply criticized the concept that futility could excuse a failure to exhaust a claim:

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

456 U.S. at 130, 102 S.Ct. at 1573.

In *Noltie v. Peterson*, 9 F.3d 802 (9th Cir. 1993), the Ninth Circuit questioned whether the futility exception remained viable following *Engle v. Isaac*. 9 F.3d at 805-06. The *Noltie* panel stopped short of explicitly overruling its prior futility-exception decision in *Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981), however, because the exception would not have been satisfied in *Noltie* in any event. *Id.*

Jimenez urges that *Sweet* therefore remains good law and that it is the holding of *Sweet* rather than the *dicta* of *Noltie* that controls. The flaw in this argument is that it is the intervening United States Supreme Court decision in *Engle v. Isaac*, not simply *dicta* in the panel decision in *Noltie*, that deprives *Sweet* of any further precedential value.

The remaining decisions relied upon by petitioner either are inapposite, fail to take into account *Engle v. Isaac*, and/or otherwise are not binding upon the Court.[1]

---

[1] In *Gardner v. Pitchess*, 731 F.2d 637, 640 (9th Cir. 1984), the Ninth Circuit cited *Sweet* for the proposition that prior adverse decisions may render exhaustion futile, but *Gardner* instead turned upon the fact that the state courts already had been given ample opportunity to reinstate the petitioner's appeal but had failed to do so. The panel opinion does not discuss *Engle v. Isaac*. Unlike *Gardner*, Jimenez is presenting a new claim never presented in the state courts.

The Ninth Circuit's decision in *Phillips v. Vasquez*, 56 F.3d 1030, 1036 (9th Cir. 1995), is completely inapposite. *Phillips* was a capital case where the petitioner sought to present fully exhausted claims challenging his conviction while proceedings in the state courts still were ongoing regarding his sentence, following more than fifteen years of state court litigation with no end in sight. The Ninth Circuit held that the petitioner could pursue his exhausted claims challenging his conviction notwithstanding the continuing state proceedings regarding his sentence, given the extraordinarily long delays involved. *Phillips* has nothing to do with the present case.

In *Walters v. McCormick*, 122 F.3d 1172, 1174 n.1 (9th Cir. 1997), the Ninth Circuit made no holding that exhaustion was excused based upon a futility exception due to prior adverse state court decisions.

The decision of this Court in *Shapley v. Housewright*, 612 F.Supp 94, 96-97 (D. Nev. 1985), does not address the viability of *Sweet* after *Engle v. Isaac*. Moreover, the petitioner in *Shapley* had attempted to present his claims in the state courts. Prior cases from within the district in any event constitute only persuasive rather than binding authority.

In *DeFoy v. McCullough*, 393 F.3d 439 (3rd Cir. 2005), the majority did not hold that exhaustion was futile because of prior adverse state court decisions. The majority instead held that there was no available state court procedural vehicle for the petitioner to exhaust his claims. 393 F.3d at 445. Only the concurring judge was of the view

(continued...)

Moreover, the Second, Third, Fourth, Sixth, Seventh, and Eleventh Circuits all have concluded that exhaustion may not be excused based upon alleged futility premised upon an alleged likely rejection

---

[1](...continued)
that exhaustion should be excused because of prior adverse state court decisions. *Id.*, at 445-46. This Court in any event is not bound by Third Circuit authority. Moreover, the Third Circuit later held -- expressly following *Engle v. Isaac* rather than the concurring opinion in *DeFoy* – that alleged futility on the merits does not excuse a failure to exhaust. *See Parker v. Kelchner*, 429 F.3d 58, 61-64 (3d Cir. 2005). The concurrence therefore does not represent Third Circuit law.

In *Kurzawa v. Jordan*, 146 F.3d 435, 440-41 (7th Cir. 1998), the petitioner already had exhausted his double jeopardy claim when he sought to bar the second prosecution before the second trial. The Seventh Circuit held that he was not required to exhaust the identical double jeopardy claim a second time after his conviction in the second trial. The case therefore is inapposite to the present case. This Court in any event is not bound by Seventh Circuit authority. Moreover, the Seventh Circuit previously held that alleged futility on the merits due to prior adverse decisions does not excuse a failure to exhaust. *See White v. Peters*, 990 F.2d 338, 341-42 (7th Cir. 1993).

In *Padavich v. Thalacker*, 162 F.3d 521, 522-23 (8th Cir. 1998), the Eighth Circuit noted that its prior futility cases potentially were inconsistent with *Engle v. Isaac*. The court of appeals left the issue for another day, however, and the court instead relied upon the principle that it could *deny* a claim on the merits without requiring exhaustion. The *Padavich* decision thus hardly constitutes a ringing endorsement of the futility exception by the Eighth Circuit, and the decision instead casts considerable doubt upon the viability of the exception. *Padavich* would support avoiding the exhaustion requirement in this case only on the basis that Ground 6 clearly is without merit. If petitioner wishes to concede that Ground 6 has no merit, the Court will dismiss the ground on that basis. *Padavich* does not support excusing th exhaustion requirement on any other basis. This Court in any event is not bound by Eighth Circuit authority.

In *Bear v. Boone*, 173 F.3d 782, 784-85 (10th Cir. 1999), the Tenth Circuit held that the petitioner in fact had fairly presented the claim in question in the state's highest criminal court. Any discussion in the opinion of "futility" as a basis for excusing exhaustion has nothing to do with excusing the exhaustion requirement based upon prior adverse state court decisions in other cases. Nor does the opinion discuss *Engle v. Isaac*. This Court in any event is not bound by Tenth Circuit authority.

In *Hollis v. Davis*, 941 F.2d 1471, 1475-76 (11th Cir. 1991), the Eleventh Circuit did not apply the futility exception upon which petitioner relies here, *i.e.*, based upon prior adverse state court decisions in other cases. The State instead conceded in that case that further resort to the state courts would be futile given prior extensive proceedings and delays on the same claims in the state courts. *Hollis* has nothing to do with the present case, where petitioner has never attempted to present Ground 6 to the state courts. This Court in any event is not bound by Eleventh Circuit authority. Moreover, the Eleventh Circuit later held that alleged futility on the merits due to prior adverse decisions does not excuse a failure to exhaust. *See Waldrop v. Jones*, 77 F.3d 1308, 1314-15 11th Cir. 1996).

The Court further is not persuaded that the Ninth Circuit's grant of permission to pursue a successive petition in this case signifies either that Ground 6 is exhausted or that any other claim in the petition is not subject to potential defenses.

Petitioner further urges that a failure to consider Ground 6 would result in a fundamental miscarriage of justice. This principle, however, constitutes a basis for avoiding a procedural default of a claim rather than a basis for avoiding the application of the exhaustion doctrine. Moreover, a fundamental miscarriage of justice can be demonstrated in a non-capital case only upon a showing that the petitioner was actually innocent of the crime for which he was convicted. Petitioner has made no such showing here nor does guilt or innocence have anything to do with the sentence-credit claim presented in this case.

of the claim on the merits in the state courts due to prior adverse decisions. *See Parker v. Kelchner*, 429 F.3d 58, 61-64 (3rd Cir. 2005)(collecting and discussing cases).

This Court accordingly holds that the futility exception relied upon by petitioner, based upon adverse decisions by the state courts on other claims, does not provide a basis for avoiding the exhaustion requirement in this case, even if, *arguendo*, such an exception otherwise would have been satisfied here.[2]  As the Supreme Court stated in *Engle v. Isaac*, "[e]ven a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid."

Petitioner indisputably had available remedies in the state courts, which he previously had pursued as to his other claims, when he proceeded to federal court  He simply chose instead to bypass the state courts and go directly to federal court with Ground 6.

IT THEREFORE IS ORDERED that the motion (#17) to dismiss is GRANTED IN PART, such that the Court holds that Ground 6 is not exhausted.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order to file a motion either for dismissal without prejudice of the entire petition, for partial dismissal of Ground 6, and/or for other appropriate relief.  The entire petition will be dismissed without prejudice for lack of complete exhaustion without further advance notice if petitioner does not timely respond.

The Court defers consideration of all remaining defenses and issues in the motion to dismiss without prejudice to their reassertion in a renewed motion to dismiss.[3]

DATED this 4th day of May, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that the petitioner's prior claim sought credits solely for diligent study during the program whereas Ground 6 instead seeks credits for completing the program and receiving an associate's degree.

[3]The Court is not persuaded by the petitioner's arguments that the respondents may not pursue the issues raised in the motion to dismiss by virtue of the prior scheduling order.  All such defenses may be pursued in a renewed motion.